

BC

FILED
5/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| Klintworth & Rozenblat, LLP. | ) | |
| | ) | 25-cv-05795 |
| Plaintiff, | ) | |
| | ) | Hon. Manish S. Shah |
| v. | ) | |
| | ) | |
| Mark Mandel | ) | |
| | ) | Answer and Counterclams |
| Defendant | ) | |

Defendant, Mark Mandel, ("Defendant") as and for its Answer to the Amended Complaint, submits this answer and counterclaims, and states as follows:

1. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1.

2. Admits the allegations set forth in paragraph 2.

3. Denies the allegations set forth in paragraph 3.

4. Denies the allegations set forth in paragraph 4.

5. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5.

6. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6.

1

7. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7.

8. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8

9. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9.

10. Denies the allegations set forth in paragraph 10.

11. Denies the allegations set forth in paragraph 11, except admits an agreement was signed, and avers that the agreement speaks for itself.

12. Denies the allegations set forth in paragraph 12.

13. Denies the allegations set forth in paragraph 13

14. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14.

15. Denies the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16.

17. Denies the allegations set forth in paragraph 17.

18. Denies the allegations set forth in paragraph 18.

19. Denies the allegations set forth in paragraph 19.

20. Denies the allegations set forth in paragraph 20.

21. Denies the allegations set forth in paragraph 21.

22. Denies the allegations set forth in paragraph 22.

23. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 23.

24. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 24.

25. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25

26. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26.

27. Denies the allegations set forth in paragraph 27.

28. Denies the allegations set forth in paragraph 28.

29. Defendant repeats and realleges the answers to paragraphs 1-28 as though fully set forth herein.

30. Denies the allegations set forth in paragraph 30.

31. Denies the allegations set forth in paragraph 31.

32. Denies the allegations set forth in paragraph 32.

33. Denies the allegations set forth in paragraph 33.

34. Denies the allegations set forth in paragraph 34.

35. Denies the allegations set forth in paragraph 35.

36. Defendant repeats and realleges the answers to paragraphs 1-35 as though fully set forth herein.

37. Denies the allegations set forth in paragraph 37.

38. Denies the allegations set forth in paragraph 38.

39. Denies the allegations set forth in paragraph 39.

40. Defendant repeats and realleges the answers to paragraphs 1-39 as though fully set forth herein.

41. Denies the allegations set forth in paragraph 41.

42. Denies the allegations set forth in paragraph 42.

43. Denies the allegations set forth in paragraph 43.

44. Defendant repeats and realleges the answers to paragraphs 1-43 as though fully set forth herein.

45. Denies the allegations set forth in paragraph 45.

46. Admits the allegations set forth in paragraph 46.

47. Denies the allegations set forth in paragraph 47.

48. Denies the allegations set forth in paragraph 48.

49. Defendant repeats and realleges the answers to paragraphs 1-48 as though fully set forth herein.

50. Denies the allegations set forth in paragraph 50.

51. Denies the allegations set forth in paragraph 51.

52. Denies the allegations set forth in paragraph 52.

53. Denies the allegations set forth in paragraph 53

54. Defendant repeats and realleges the answers to paragraphs 1-53 as though fully set forth herein.

55. Denies the allegations set forth in paragraph 55.

56. Denies the allegations set forth in paragraph 56.

57. Denies the allegations set forth in paragraph 57.

58. Denies the allegations set forth in paragraph 58.

59. Denies the allegations set forth in paragraph 59.

60. Defendant expressly denies any and all paragraphs and allegations contained in Plaintiff's Amended Complaint that have not been admitted, denied, or specifically addressed above.

## Affirmative Defenses

61. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

62. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by assumption of risk and consent.

63. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, because the alleged harm to the Plaintiff was caused by parties other than Defendant..

64. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by breach of contract and first material breach by Plaintiff.

65. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by contributory negligence.

66. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

67. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by the doctrines of in pari delicto and unclean hands.

68. Plaintiff's claims alleged inthe Amended Complaint are barred, in whole or in part, by failure to mitigate its alleged damages.

5

69. Plaintiff's claims alleged in the Amended Complaint are barred, in whole or in part, by failure to join an indispensable party.

70. Defendant expressly reserves the right to assert additional affirmative defenses as additional information is obtained.

## COUNTERCLAIMS

### Factual Background

1. Plaintiff, a virtual law firm, aggressively recruited defendant by making numerous materially misleading statements and omissions in order to hire defendant.

2. Plaintiff misrepresented, among other things, its financial strength, exponential growth and success, future trajectory, relationships with financial institutions and with high profile individuals in the Trump administration all of which would provide a springboard to gather profitable commercial litigation matters like shooting fish in a barrel.

3. Plaintiff also misrepresented that, based on its success, it had zero debt, and was prepared to deploy its substantial resources to continue to build out a litigation practice, and was ready to integrate defendant with the support and resources necessary to successfully develop the practice.

4. Plaintiff also falsely stated it was bringing on a profitable litigation group to team up with defendant and add bench strength.

5. Plaintiff also misrepresented its commitment to promptly change its name to remove the "IP" from its name and create a new website that abandoned the "IP" emphasis to broadly market itself beyond intellectual property work. Plaintiff agreed that such changes were necessary to advance the firm's and defendant's ability to attract business and part of its overall plan to develop a broader practice. Defendant explained and plaintiff agreed such changes were essential before defendant could credibly market the firm to clients.

6. On information and belief, no such changes were promptly undertaken much less implemented prior to defendant's departure despite defendant's repeated requests to do so.

7. Plaintiff also misrepresented that it would integrate defendant and introduce defendant to firm partners, clients and prospective clients so the firm could avoid referring out profitable matters because it previously lacked the expertise to handle substantial litigation matters. It never happened. Defendant reasonably relied to his detriment on plaintiff's misrepresentations and omissions.

8. Moreover, Plaintiff Klintworth advised defendant shortly after defendant joined the firm he was working on a deal with a high profile individual who is currently the US Commerce Secretary and was then- CEO of a large financial institution, and he would introduce defendant to obtain litigation and enforcement work. Klintworth assured defendant there would be tremendous opportunities as he was very close to the CEO and was "dialed in" to several senior members of the Trump Administration. Klintworth requested defendant prepare a document to be

7

used in discussions with the CEO which defendant provided to Klintworth but, on information and belief, Klintworth made no such effort.

9. In fact, Defendant inquired on multiple occasions and Klintworth responded that defendant should send the same document to him again because he could not locate it.

10. Defendant again transmitted the document but nothing further was done to market to the CEO. Indeed, the firm never set up a single call or meeting with the partners or clients to introduce defendant and provide defendant with an opportunity to discuss, among other things, cross selling opportunities and marketing efforts, despite defendant's repeated request that plaintiff do so..

11. Months before defendant was hired, Plaintiff brought on a lateral partner who plaintiff described to defendant as someone suited to support a securities litigation and enforcement practice. When defendant contacted this attorney to introduce himself, the attorney chuckled when defendant asked if he had such expertise. He politely said he was a tax and M&A lawyer.

12. During a follow up discussion with the M&A tax lawyer, defendant became aware of a substantial litigation opportunity involving a multi-million dollar real estate dispute in multiple forums.

13. After several calls with the M&A tax lawyer and the prospective client, the prospective client was ready to engage the firm, but the engagement process was horribly botched by Klintworth. The would-be client asked the firm to obtain documents from the Texas case docket but defendant's requests revealed the firm lacked the ability or interest to obtain such documents. In fact, Klintworth

8

involved his spouse, an attorney admitted in Texas, and counsel to plaintiff in this case, to obtain the documents because the firm did not have access to the docket and apparently was unwilling to pay to access the documents. However the documents were never obtained and the inexplicable delay in preparing a suitable engagement letter caused the prospective client to abandon the engagement and retain another law firm. On information and belief, the matter generated hundreds of thousands of dollars in a short time span.

14. At some point after defendant joined the firm, Klintworth revealed to defendant that the firm's finances were not as originally represented. In fact, contrary to previous representations of financial success, no firm debt, and robust growth, Klintworth volunteered that "the firm borrowed money from relatives" to bring on defendant and the M&A tax lawyer, that such expenses were threatening the firm's viability and that defendant and the M&A tax lawyer were earning more than the firm's name partners. Defendant was shocked by Klintworth's revelations.

15. Plaintiff apparently released the M&A tax lawyer and unilaterally reduced amounts payable to defendant by a substantial amount before abruptly ceasing all compensation to defendant without warning.

16. Following defendant's departure, Klintworth engaged in a campaign of unhinged, unethical threats that consisted of expletive filled tirades and subsequently commenced identical related RICO cases in two separate jurisdictions against defendant and the legal recruiters without disclosing to the courts or the parties the related case filings.

17. On information and belief, similar expletive laden tirades were directed at the legal recruiters as part of a failed strategy of vexatious, intimidation tactics.

18. Plaintiff deliberately concealed the related case filings for months after they were filed until defendant discovered the related cases and confronted plaintiff. Plaintiff immediately moved to transfer the second filed case but by such time the defendants in case 2 had already answered and assertled counterclaims prompting the district court to deny the belated motion the day it was submitted which resulted in the duplicative cases proceeding in two different federal courts.

19. Plaintiff simultaneously requested leave of court in this case for the stated purpose to cure its diversity jurisdiction allegations but in truth such request was to make material alterations to the complaint including dropping the frivolous RICO claims and pleading the contract at issue was void *ab initio* in violation of the Court's order . Plaintiff also did not serve defendant with the amended complaint.

20. Plaintiff also did not serve defendant with various pleadings in case 1 despite signing an affidavit of service under penalties of perjury in at least one instance that service was made.

21. Plaintiff also falsely asserted in open court and in motion papers that defendant was dodging service when, in truth, a month before making such false assertions, defendant consented to accept service the very same day plaintiff requested it.

22. By concealing the filing of duplicative cases involving  frivolous RICO claims, and engaging in blatant misconduct in both courts, plaintiff sought to intimidate defendants in both cases to maximize its leverage over such defendants.

FIRST CAUSE OF ACTION-

FRAUDULENT MISREPRESENTATION, INDUCEMENT, OMISSION AND CONCEALMENT

23. Defendant repeats and realleges paragraphs 1-22 of the counterclaim allegations as if fully set forth herein.

24. Based on plaintiff's false statements and material omissions set forth above, defendant was fraudulently induced to join plaintiff causing substantial harm and damages to defendant.

SECOND CAUSE OF ACTION-
ABUSE OF PROCESS

25. Defendant repeats and realleges paragraphs 1-24 of the counterclaim allegations as if fully set forth herein.

26. Plaintiff engaged in a multifaceted abuse of process which included, among other things, filing duplicative, frivolous RICO claims in two different Federal Courts, splitting claims and concealing the related cases from the Courts and the parties, making unethical threats against defendant, making false statements to the Court that defendant was dodging service when a month before making such

11

false statements defendant agreed to accept service as soon as plaintiff made the request, failing to serve defendant with pleadings, and filing a false affidavit of service under penalties of perjury that service was made when in truth it was not, violating a court order granting leave of court solely to amend the complaint to cure defective diversity allegations and instead using leave of court to drop the frivolous RICO claims and make other substantive changes to the complaint in breach of the court order.

27. As result, defendant has suffered significant damages.

## PRAYER FOR RELIEF

Based upon the foregoing, Defendant respectfully prays for entry of a judgment providing the following relief: (A) Dismissing Plaintiff's Amended Complaint with prejudice; (B) Awarding Defendant compensatory damages in connection with the counterdlaims against Plaintiff in an amount to be determined at trial; (C) Awarding Defendant its costs and disbursements in this proceeding; and (D) Award any and all other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

Defendant respectfully requests a jury trial on all issues triable by jury.

Dated this 30th day of April, 2026

 /s/ Mark Mandel

Defendant, pro se
902 Mill Creek
Roslyn, NY 11576
MarkSMandel22@gmail.com

12

CERTIFICATE OF SERVICE


 I hereby certify that on May 4 , 2026, I provided service of Defendant's Answer and Counterclaims to: KAREN ARENAS, ESQ. by electronic mail to: Karen@arenas-law.com.


 /s/ Mark Mandel
902 Mill Creek N
Roslyn, NY 11576
marksmandel22@gmail.com
Defendant, pro se